# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY, | Case No. 2:12–cv–1462–JCM–VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| PAHRUMP 194, LLC, *et al*., | |
| Defendants. | |

Before the court is Plaintiff Branch Banking & Trust Company's Motion to Reinstate Case and Set Deadlines for Briefing (#53[1]). Defendants filed an Opposition (#54), Sealed Declaration (#55), and Motion to Seal their Declaration (#56). Plaintiff replied (#57).

The court first addresses Defendants' Motion to Seal (#56). Defendants ask the court to seal a six-page Declaration and 145 pages of Exhibits because they allegedly contain settlement and financial information. (Doc. #56 at 3). The only argument Defendants offer in support of their motion is a legal conclusion. This is insufficient.

Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is akin to what *Iqbal* and *Twombly* demand: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)). "A party asserting good cause bears the burden, for each particular document it seeks to

---

[1] Parenthetical citations refer to the court's docket.

1

protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted). Satisfying Rule 26(c) places a "heavy burden" on the movant. *Blankenship v. Hearst Corp*., 519 F.3d 418, 429 (9th Cir. 1975).[2]

It is not the court's duty to review Defendants' papers and determine which, if any, of the 145 pages of exhibits may be entitled to protection under Rule 26(c). *See, e.g*., *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("[J]udges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits."). Defendants' motion is denied without prejudice. They are granted leave to file a renewed Motion to Seal that includes a "particularized showing" by April 3, 2015. Defendants' Declaration and Exhibits will remain sealed pending the renewed motion.

The court now turns to Plaintiff's Motion to Reinstate Case and Set Deadlines for Briefing (#53). Plaintiff's motion requests a briefing schedule to litigate the fair market value of the property underlying this action. Defendants request that briefing include additional issues, which conflicts with the Honorable James C. Mahan's summary judgement order. Judge Mahan ruled in Plaintiff's favor on "all issues except the fair market value of the property at the time of the trustee's sale." (Doc. #50 at 8:5–6).

This action was stayed to permit the parties to settle. No settlement occurred. And the court may not force the parties to settle. *Shaffer v. Farm Fresh, Inc*., 966 F.2d 142, 146 (4th Cir. 1992); *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (citing *Del Rio v. N. Blower Co*., 574 F.2d 23, 26 (1st Cir. 1978)). Litigation will proceed in accordance with Judge Mahan's order.

---

[2] Defendants may also wish to review Federal Rule of Civil Procedure 5.2, which permits parties to redact certain financial information without first seeking leave of court.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Seal (#56) is DENIED without prejudice. Defendants are granted LEAVE to file a renewed Motion to Seal in accordance with this order by April 3, 2015. Defendants' Declaration (#55) will remain sealed pending further order of the court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reinstate Case and Set Deadlines for Briefing (#53) is GRANTED as follows: the parties have until April 24, 2015, to file opening briefs of not more than ten (10) pages concerning the fair market value of the property at issue at the time of the trustee's sale. The parties shall then have until May 4, 2015, to file response briefs of not more than five (5) pages. Thereafter, the court will set a fair market valuation hearing pursuant to Nevada Revised Statute § 40.457(1).

DATED this 24th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE