**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BRANCH BANKING & TRUST COMPANY,

        Plaintiff,

vs.

PAHRUMP 194, LLC, *et al.*,

        Defendants.

Case No. 2:12–cv–1462–JCM–VCF

**<u>ORDER</u>**

**MOTION TO SEAL (#59)**

Before the court is Defendants' Renewed Motion to Seal (#59).[1] For the reasons stated below, the motion is granted.

## LEGAL STANDARD

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Id*. at 598.

When determining whether a document may be sealed, courts in the Ninth Circuit "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* at 1178.[2] A party seeking to seal a judicial record attached to a dispositive motion "must articulate

---

[1] Parenthetical citations refer to the court's docket.

[2] The Ninth Circuit has identified two categories of documents that are traditionally kept secret: "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178 (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

compelling reasons." *Id*. at 1178 (internal quotation marks omitted). This is a "high threshold showing." *Id*. at 1180. In general, compelling reasons exist where court files might become a vehicle for "improper purposes." *Id*. The gratification of private spite, the promotion of public scandal, the circulation of libelous statements, and the release of trade secrets satisfy this standard; embarrassment, incrimination, or exposure to further litigation do not. *Id*.

The Ninth Circuit requires the moving party to provide "specific factual findings" to seal a judicial record attached to a dispositive motion. *Id*. This showing is akin to what to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "hypothesis or conjecture" do not suffice. *See id*. at 1179. To justifying sealing, the movant must "present articulable facts identifying the interests favoring continued secrecy." *Id*. at 1181 (citation omitted). If the party seeking to seal a judicial record attached to a dispositive motion presents "compelling reasons" that are supported by "specific factual findings," then the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks omitted).

By contrast, a party seeking to seal a judicial record attached to a nondispositive motion must demonstrate "good cause" under Federal Rule of Civil Procedure 26(c). *Id*. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See id*. at 1180 (citing FED. R. CIV. P. 26(c)(1)). Rule 26(c) requires the moving party to make a "particularized showing." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1138 (9th Cir. 2003). This showing is also akin to what *Iqbal* and *Twombly* require: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated

'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

## DISCUSSION

Defendants move the court to seal a six-page declaration and 145 pages of exhibits attached to a nondispositive motion. Defendants argue that the declaration and exhibits should be sealed because they contain confidential settlement and financial information.

Federal courts have long held that settlement negotiations should be kept secret. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003); *Palmieri v. New York*, 779 F.2d 861 (2d Cir. 1985). Indeed, the need to keep information related to settlement negotiations secret outweighs the public's First Amendment right of access to judicial records. *See Cincinnati Gas & Elec. v. Gen. Elec. Co.*, 854 F.2d 900, 903–04 (6th Cir. 1988).

Here, Defendants' motion demonstrates that the six-page declaration and 145 pages of exhibits contain confidential settlement and financial information. The court, therefore, finds good cause exists to seal the six-page declaration and 145 pages of exhibits.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Renewed Motion to Seal (#59) is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE