UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VBRANCH BANKING AND TRUST COMPANY,<br><br>                    Plaintiff(s),<br><br>     v.<br><br>PAHRUMP 194, LLC, et al.,<br><br>                    Defendant(s). | Case No. 2:12-CV-1462 JCM (VCF)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 102). No objections have been filed, and the time for doing so has passed.

This case involves plaintiff Branch Banking & Trust Company's ("Branch Banking") deficiency judgment action against defendant Pahrump 194, LLC ("Pahrump 194"). On September 30, 2005, Pahrump 194 delivered an executed promissory note and deed of trust to Colonial Bank for approximately 200 acres of land and water rights in the community of Pahrump, Nevada. The note was in the amount of $13,650,000.00. Defendants Todd Nigro, Michael Nigro, and Margaret Nigro personally guaranteed the note.

After several modifications to the note during the years following its execution, the note was eventually acquired by Branch Banking. The note's maturity date had passed, and the borrowers were in arrears. Branch Banking foreclosed and sold the property for $2,640,001.00 in partial satisfaction of the loan. Branch Banking then commenced this action against Pahrump 194 for the balance remaining due on the note.

This court has already entered summary judgment on all issues except for the fair market value of the subject property at the time of the foreclosure sale. (*See* Doc. # 50). On July 28, 2015, Judge Ferenbach conducted a deficiency hearing, as required by Nevada Revised Statute § 40.457. Having thoroughly analyzed the evidence presented at the deficiency hearing, Judge Ferenbach

**James C. Mahan**
**U.S. District Judge**

recommends finding that the fair market value of the property at the time of the foreclosure sale was $5,867,500.00.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to ADOPT the magistrate judge's findings in their entirety.

Summary judgment has been entered on all other issues. Plaintiff shall therefore prepare and submit a proposed order for the appropriate deficiency judgment amount. The proposed order should be consistent with the court's summary judgment order given the fair market value finding in this order. (*See* doc. # 50). Plaintiff shall also prepare and submit a proposed judgment consistent with the foregoing.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation be, and the same hereby are, ADOPTED in their entirety.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that the fair market value of the Pahrump 194 property at the time of the foreclosure sale is set at $5,867,500.00.

IT IS FURTHER ORDERED that plaintiff Branch Banking & Trust Company shall submit a proposed order regarding fair market value within **seven (7) days** of entry of this order.

IT IS FURTHER ORDERED that plaintiff Branch Banking & Trust Company shall prepare a proposed judgment consistent with the foregoing within **seven (7) days** of entry of this order.

DATED February 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -