UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | Case No. 2:12-CV-1462 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PAHRUMP 194, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Pahrump 194, LLC; Todd A. Nigro; Juli Koentopp; Michael E. Nigro; Margaret Nigro; Nigro Infinity Plus, LLC; Infinity Plus, LLC; and Nigro Development, LLC's motion to set remaining issues for trial. (ECF No. 103). Plaintiff Branch Banking And Trust Company ("Branch Banking") filed a response (ECF No. 108), and defendants filed a reply. (ECF No. 115).

Also before the court is Branch Banking's proposed judgment. (ECF No. 105). Defendants filed objections to the proposed judgment (ECF No. 106), and plaintiff filed a response to the objections. (ECF No. 109).

On July 30, 2014, the court entered summary judgment as to liability on Branch Banking's deficiency judgment claim with respect to "all issues except the fair market value of the property at the time of the trustee's sale." (ECF No. 50 at 8). The court also granted plaintiff's motion for a deficiency hearing "to the extent it requests a valuation hearing." (*Id.*) Magistrate Judge Ferenbach set an evidentiary hearing on the fair market value of the real property at issue in this case for July 28, 2015. (ECF No. 73).

Judge Ferenbach issued a report and recommendation after the evidentiary hearing, recommending that the undersigned set the fair market value of the Pahrump 194 property at the

**James C. Mahan**
**U.S. District Judge**

time of the foreclosure sale at $5,867,000.00 for the purpose of determining the deficiency amount. (ECF No. 102). Thereafter, the court adopted the report and recommendation in their entirety, set the fair market value at $5,867,000.00, and ordered plaintiff to submit the proposed judgment presently before the court. (ECF No. 104).

Before plaintiff could do so, defendants filed the motion to set a jury trial that is also presently before the court. Defendants argue that there are "issues outstanding in this case that have not been addressed either in dispositive motions filed by the parties or before the [c]ourt." (ECF No. 103 at 4). First, they argue that their "fifth affirmative defense of mitigation of damages has not been addressed." Second, they posit that "the [c]ourt has neither considered nor decided the issue of whether the FDIC's loss-share payments to [Branch Banking] reduce the amount of any deficiency as a matter of Nevada law as it existed *before* AB 273."

Defendants had an opportunity to litigate *both* of these issues in their opposition to plaintiff's motion for summary judgment *and* their own motion for partial summary judgment.[1] Both arguments could *and should* have been raised at that stage in these proceedings. Plaintiff moved for summary judgment "on the issue of liability for breach of contract . . . and breach of the implied covenant of good faith and fair dealing." (*See* ECF No. 28 at 9–10). The two issues defendants now claim to be "outstanding" both go to mitigation of "the amount of the indebtedness which was secured, with interest from the date of sale." *See* NRS 40.459(1). They thus should have presented those arguments in opposition to plaintiff's motion and plaintiff's assertion that there was no genuine dispute with respect to the amount of indebtedness.  They did not.

The court therefore granted summary judgment in favor of Branch Banking with respect to "all issues except the fair market value of the property at the time of the trustee's sale." (ECF No. 50 at 8). In doing so, the court implicitly found that "the amount of the indebtedness which was secured, with interest from the date of sale" was $16,707,947.47 when it found that defendants

---

[1] Defendants did in fact attempt to litigate the loss-share payment defense in their motion for partial summary judgment. (*See* ECF No. 34). The court found that the NRS statute upon which defendants' argument relied became effective after Branch Banking obtained the rights to the loan at issue here and that "the proposed retroactive application of that subsection in such a circumstance would violate the United States Constitution." (ECF No. 50 at 6). The court will not allow defendants—nearly two years after entry of the court's summary judgment order—to re-litigate the issue under the statute that was *actually* in effect at the time of the loan transaction.

James C. Mahan
U.S. District Judge

- 2 -

1  failed to establish that there was a genuine issue with respect to that material fact. *See* NRS
2  40.459(1); (ECF No. 50).

3  The court will not now allow defendants to re-litigate these issues long after the deadline
4  for a Rule 59(e) motion has passed and far beyond any "reasonable time" in which to file a Rule
5  60(b) motion.[2] *See* FED. R. CIV. P. 59(e); 60(b); and 60(c)(1). There are no outstanding issues to
6  be resolved, and the court will not set a trial in this matter. Because defendants' objections[3] to
7  plaintiff's proposed judgment consist of the same arguments disposed of here, and not of
8  objections to the factual findings the judgment contains, the court will enter the proposed judgment
9  over defendants' objections.

10  However, the proposed judgment was originally filed on February 24, 2016. It thus
11  contained accrued interest calculations that took into account only the interest accrued from the
12  date of the sale through the date of submission of the proposed judgment. Since that time, interest
13  has continued to accrue, and the calculations are no longer accurate. The court therefore rejects
14  plaintiff's proposed judgment. Plaintiff is instructed to file an amended proposed judgment with
15  updated accrued interest calculations within seven days of entry of this order.

16  Accordingly,

17  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Pahrump
18  194, LLC; Todd A. Nigro; Juli Koentopp; Michael E. Nigro; Margaret Nigro; Nigro Infinity Plus,
19  LLC; Infinity Plus, LLC; and Nigro Development, LLC's motion to set remaining issues for trial
20  (ECF No. 103) be, and the same hereby is, DENIED.

---

[2] Defendants also argue that denial of their present motion would be inconsistent with this court's order in a sister case, *Branch Banking and Trust Co. v. Desert Canyon Phase II, LLC, et al.*, No. 2:12-cv-01463-JCM-PAL. That is not the case. First, in its June 19, 2015, order, the court did not determine that defendants had a right to re-litigate the issues in question. Instead, it simply found that "additional briefing [was] warranted." *Id.* The court has not yet addressed that briefing. Second, and more importantly, defendants were afforded that relief *after moving for timely relief under Rule 60(b)*. *See id.* Here, defendants made no such timely motion.

[3] Defendants' invocation in their objections of their Fifth Amendment due process rights is unavailing. They claim they "never had the chance to litigate" an affirmative defense that has been one of their principal arguments "[f]rom the start of the case." (ECF No. 106). As explained above, defendants had an opportunity to litigate that defense. They simply did not.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that plaintiff Branch Banking and Trust Company shall submit an amended proposed judgment within seven (7) days of entry of this order.

DATED June 16, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -