Jeremy J. Nork, Esq.
Nevada Bar No. 4017
Nicole E. Lovelock, Esq.
Nevada Bar No. 11187
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
702-669-4600
702-669-4650 – fax
jnork@hollandhart.com
nelovelock@hollandhart.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>PAHRUMP 194, LLC, a Nevada limited liability company; TODD A. NIGRO, an individual; JULI KOENTOPP, an individual; MICHAEL E. NIGRO, an individual; MARGARET NIGRO, an individual; NIGRO INFINITY PLUS, LLC, a Nevada limited liability company; INFINITY PLUS, LLC, a Nevada limited liability company; NIGRO DEVELOPMENT, LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO.: 2:12-cv-01462-JCM-VCF<br><br>**FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND JUDGMENT** |

Pursuant to order of the Court (Dkt. 116), Plaintiff Branch Banking and Trust Company, by and through its counsel of record, hereby submits this Findings of Fact, Conclusions of Law, and Judgment.

DATED June 23, 2016.

Jeremy J. Nork, Esq.
Nicole E. Lovelock, Esq.
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Plaintiff*

# FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

Plaintiff seeks a deficiency judgment against Defendants arising from a commercial loan. On July 30, 2014, this Court entered partial summary judgment in favor of Plaintiff and against Defendants as to Defendants' liability for breach of contract ("Summary Judgment Order"). Dkt 50. As a result of the Summary Judgment Order, the issue that remained was the amount of any deficiency Defendants owed to Plaintiff under Nevada Revised Statute §40.451, *et. seq.*

On July 28, 2015, Magistrate Judge Ferenbach conducted an evidentiary hearing, as required by Nevada Revised Statute §40.457, to determine the fair market value of the subject property (identified as Nye County Assessor's Parcel Numbers 35-041-25, 35-041-37, 35-041-39, 35-041-63, 35-041-67, and 35-041-68)("Property") as of February 29, 2012, which was the date of the trustee's sale. Judge Ferenbach held that the fair market value of the Property was $5,867,500.00 and this Court adopted Judge Ferenbach's report and recommendation as to the fair market value in its entirety ("FMV Order"). Dkts. 102 & 104.

Based on the Summary Judgment Order, the FMV Order, and the argument and papers filed in this case, this Court makes the following findings of fact and conclusions of law:

## I.

## **FINDINGS OF FACT**

1. The facts set forth in the Summary Judgment Order are hereby incorporated herein as if fully set forth.

2. The amount of indebtedness owed on the subject note on the date of the trustee's sale was $16,707,947.47.

3. The Property was sold at a non-judicial trustee's sale on February 29, 2012 to a non-party for a cash bid in the amount of $2,640,001.00.

4. On February 29, 2012, the date of the trustee's sale, the fair market value of the Property was $5,867,500.00.

5. After providing Defendants credit for the fair market value of the Property on the date of the trustee's sale ($5,867,500.00), the deficiency amount owed by Defendants to Plaintiff as of February 29, 2012 was $10,840,447.47.

8502873_1

     6.     Pursuant to the loan documents, the default interest rate is fifteen percent per annum, which results in a per diem interest amount of $4,516.85.

     7.     From February 29, 2012 until June 23, 2016, the accrued interest on the debt was $7,118,555.60 ($4,516.85 x 1576 days).

## II.

## CONCLUSIONS OF LAW

     1.     Prior to the award of a deficiency judgment, NRS 40.455 requires that a hearing be conducted under NRS 40.457.

     2.     Pursuant to NRS 40.459, after a hearing is held pursuant to NRS 40.457, "the court shall award a money judgment against the debtor, guarantor or surety who is personally liable for the debt. The court shall not render judgment for more than: (a) The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; (b) The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, with interest from the date of sale…whichever is the lesser amount."

## III.

## ORDER AND JUDGMENT

Based upon the foregoing and previous orders of the Court:

**IT IS HEREBY ORDERED AND ADJUDGED** that, taking the amount of the indebtedness on the date of the trustee's sale ($16,707,947.47) and providing Defendants credit for the fair market value of the Property on the date of the trustee's sale ($5,867,500.00), the amount of the deficiency owed by Defendants to Plaintiff on February 29, 2012 was $10,840,447.47.

**IT IS FURTHER ORDERED AND ADJUDGED** that as of June 23, 2016, the deficiency amount was **$17,959,003.07**, comprised of principal in the amount of $10,840,447.47 and accrued interest in the amount of $7,118,555.60, which was calculated pursuant to a default

interest rate of fifteen percent per annum. That deficiency amount shall accrue interest at the per diem rate of $4,516.85 until judgment is entered.

**IT IS FURTHER ORDERED AND ADJUDGED** that judgment is entered in favor of plaintiff Branch Banking and Trust Company and against Defendants Pahrump 194, LLC, Todd A. Nigro, Juli Koentopp, Michael E. Nigro, Margaret Nigro, Nigro Infinity Plus, LLC, Infinity Plus, LLC, and Nigro Development, LLC, jointly and severally, in the amount of **$17,959,003.07**.

**IT IS FURTHER ORDERED AND ADJUDGED** that judgment shall accrue at the contractual default rate of fifteen percent annum from the date of judgment until the judgment is paid in full.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff is entitled to reasonable attorneys' fees and costs in the amount to be determined by this Court. If Plaintiff seeks to recover those fees and costs, it shall file a motion with appropriate documentation within 14 days of entry of this judgment.

DATED: July 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

8502873_1

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on June 23, 2016, I served a true and correct copy of the foregoing **FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND JUDGMENT** was served on counsel through the Court's electronic service system as follows:

Robert McCoy, Esq.
Kaempfer Crowell
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135
rmccoy@kcnvlaw.com

*Attorney for Defendants*

/s/ *Yalonda Dekle*
An Employee of Holland & Hart LLP

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NEVADA 89134

8502873_1