UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>                              Plaintiff(s),<br><br>         v.<br><br>PAHRUMP 194, LLC, et al.,<br><br>                              Defendant(s). | Case No. 2:12-CV-1462 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Branch Banking and Trust Company's motion for attorneys' fees and nontaxable costs. (ECF No. 122). Defendants have filed a response (ECF No. 126), and plaintiff has filed a reply (ECF No. 133).

**I.      Introduction**

On August 17, 2016, plaintiff filed a complaint against defendants in relation to a deed of trust and corresponding guarantee agreement, alleging claims for deficiency, breach of guarantee, and breach of the covenant of good faith and fair dealing. (ECF No. 1). On July 5, 2016, this court entered judgment in favor of the plaintiff in the amount of $17,959,003.07. (ECF Nos. 120–21). Plaintiff now requests attorneys' fees and nontaxable costs in the amount of $169,647.95 and $19,724.79, respectively. (ECF No. 133) (adjusting relief requested); *see also* (ECF No. 122).

**II.     Legal Standard**

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorneys' fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof. Moreover, "[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). A Nevada trial court "may

**James C. Mahan**
**U.S. District Judge**

not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1028 (Nev. 2006).

In *Brunzell*, the Nevada Supreme Court articulated four factors for a court to apply when assessing requests for attorneys' fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d at 33.  The trial court may exercise its discretion when determining the value of legal services in a case.  *Id.* at 33–34.

Additionally, a trial court applying Nevada law must utilize *Bruzell* to assess the merits of a request for attorneys' fees, yet that court is not required to make findings on each factor.  *Logan v. Abe*, 350 P.3d 1139, 1143 (Nev. 2015).  "Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Id.* (citing *Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995), *superseded by statute on other grounds as discussed in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 n.20 (Nev. 2005)).

The Local Rules for the United States District Court, District of Nevada, impose further procedural requirements on motions for attorneys' fees and costs.[1]  *See* LR 54-1, 54-14.  To obtain costs other than attorneys' fees, "[a] prevailing party who claims costs must file and serve a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the date of

---

[1] Local Rule 54-14(b)(3) specifically identifies the required information for a trial court in this district to consider a motion for attorneys' fees.  These thirteen items are as follows:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(b)(3).

**James C. Mahan**
**U.S. District Judge**

- 2 -

entry of the judgment or decree." LR 54-1(a).  Additionally, that bill of costs must be accompanied "by an affidavit [that] distinctly set[s] forth each item so that its nature can be readily understood. An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs."  LR 54-1(b).

### III. Discussion

#### a. Attorneys' fees

Defendants argue for the mitigation of any award of attorneys' fees because of work caused by plaintiff's actions in the case, alleged duplication of labor between this case and another, and other reasons idiosyncratic to specific fee entries.  *See* (ECF No. 126, 126-5).  However, the court need not reach these issues because information fundamental to its decision is presently unavailable.  *See* LR 54-14(b)(3).

This court has previously held that the potential to "easily glean the information" from a motion for attorneys' fees is insufficient to satisfy Local Rule 54-14(b)'s "brief summary" requirement.  *Anderson v. White*, No. 2:13-CV-2097-JCM-VCF, 2016 WL 3396932, at *2 (D. Nev. June 14, 2016); *see also Lerner v. O'Connor*, No. 2:14-CV-341-JCM-VCF, 2015 WL 789665, at *3–4 (D. Nev. Feb. 25, 2015) (finding partial discussion of then-labeled LR 54-16(b) insufficient to grant motion for attorneys' fees).

In this case, plaintiff has failed to satisfy Local Rule 54-14(b)(3) because plaintiff's request for attorneys' fees insufficiently discusses the "[t]he customary fee" and "[a]wards in similar cases" prongs of that rule.  LR 54-14(b)(3)(F), (L).  To enforce the terms of the underlying agreements in this case, this court requires additional information under Local Rule 54-14(b)(3) to determine what constitutes "reasonable attorneys' fees," pursuant to those contracts.  (ECF Nos. 28-2 at 4, 28-3 at 5); *see also Branch Banking and Trust Company v. Jones/Windmill, LLC, et al.*, 2:12-cv-452-JCM-GWF (D. Nev. Feb. 7, 2017) (discussing this court's obligation to scrutinize requests for attorneys' fees).

#### b. Nontaxable costs

"Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case."  *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000); *see also* Local Rule 54-1 ("Unless the court orders otherwise,

**James C. Mahan**
**U.S. District Judge**

the prevailing party is entitled to reasonable costs."). Moreover, a bill of costs must be itemized. LR 54-1(b).

Defendants' opposition to plaintiff's request for nontaxable costs is defeated by the applicable contract language in this case. *See* (ECF Nos. 28-2 at 4, 28-3 at 5) (discussing the payment of "all" expenses—separate from attorneys' fees—incurred in an action to enforce the agreements). This court will respect these contact terms and therefore declines to apply Local Rule 54-11 or similar restrictions on the award of nontaxable costs.

### IV. Conclusion

Ultimately, plaintiff's request for attorneys' fees is denied in its present form. Should plaintiff refile its motion for attorneys' fees, it shall produce the information discussed in Local Rule 54-14 in a manner constructive to the court's analysis. Moreover, plaintiff's request for nontaxable costs will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the present motion for attorneys' fees and nontaxable costs (ECF No. 122) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

DATED February 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -